UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARY LYNN YEATS, | ) | |
|     Petitioner, | ) | 2: 09-cv-00798- KJD-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN WILLIAMS, *et al.,* | ) | |
|     Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* The case is now before the court for resolution of respondents' motion to dismiss.

**PROCEDURAL HISTORY**

On January 29, 2001, the Second Judicial District Court convicted petitioner of one count of burglary and adjudicated him an habitual criminal. Exhibit 38.[1]  The court sentenced petition to serve a term of imprisonment of ten to twenty-five years. *Id.*

Petitioner filed a direct appeal and the Nevada Supreme Court affirmed the judgment

---

[1] Unless otherwise indicated, the exhibits cited are those filed concurrently with respondents' motion to dismiss.

of conviction on June 12, 2001.  Remittitur issued on September 26, 2001.  Exhibit 50.

Petitioner filed his first post-conviction petition for writ of habeas corpus in state district court on July 13, 2001.  Exhibit 47.  The court denied the petition in an order entered March 5, 2002.  Exhibit 58.  Petitioner appealed and the Nevada Supreme Court affirmed the judgment of the state district court on July 25, 2002. Exhibit 66.  Remittitur issued on August 21, 2002.  Exhibit 67.

On August 1, 2002, petitioner filed a petition for writ of habeas corpus in this court.  Exhibit 68.  This court denied the petition on July 2, 2004.  Exhibits 70, 71, 73.  On November 23, 2004, the Ninth Circuit denied petitioner's request for a certificate of appealability.  Exhibit 75.  The United States Supreme Court denied petitioner's petition for writ of certiorari on April 18, 2005.  Exhibit 79.

On May 23, 2005, petitioner sought leave from the Ninth Circuit to file a second or successive petition.  Exhibit 80.  On June 21, 2005, the Ninth Circuit denied petitioner's application for authorization to file a second or successive petition because he failed to satisfy the requirements of 28 U.S.C. § 2244(b)(2).  Exhibit 81.

Petitioner filed a second state post-conviction petition for writ of habeas corpus on July 25, 2005.  Exhibits 82, 83.  The state district court dismissed the petition on the ground that it was procedurally barred.  Exhibit 85.  The Nevada Supreme Court affirmed the judgment of the district court.  Exhibit 93.  Remittitur issued on June 22, 2006.  Exhibit 94.  The United States denied petitioner's petition for writ of certiorari on October 16, 2006.  Exhibit 98, 99.

This court received the present petition for writ of habeas corpus on May 5, 2009.  Respondents filed the motion to dismiss now pending before the court on March 8, 2010.  Docket #17.  Petitioner filed a response to the motion on March 24, 2010, to which respondents filed a reply on April 5, 2010.  Docket #26.

//
//

## DISCUSSION

Respondents move to dismiss this petition for writ of habeas corpus on the ground that petitioner has not been granted permission by the Ninth Circuit to file a second or successive petition. Petitioner has filed a response to respondents' motion in which he argues the merits of his claims. He does not address the basis of respondents' motion to dismiss.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless a court of appeals makes a finding that:

(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B). The requirement that a petitioner obtain authorization from the court of appeals before filing a second or successive petition is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). If a federal habeas petition is dismissed on the merits, a subsequent petition challenging the same judgment or conviction is a second or successive petition for purposes of the AEDPA. *See*, *Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Further, a federal habeas corpus petition is a second or successive petition if it raises claims that were or could have been resolved on the merits in prior petition. *Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008).

Petitioner filed his first federal habeas corpus petition on August 1, 2002, challenging his January 29, 2001 burglary conviction. This court denied the petition on the merits and denied

1  petitioner a certificate of appealability. Exhibits 70, 71 and 73. The Ninth Circuit subsequently
2  denied petitioner's application to file a second or successive petition. Exhibit 81. Despite that
3  denial, petitioner has now filed a second habeas corpus petition in this court, again challenging his
4  January 29, 2001 burglary conviction. Under the authorities discussed above, this is a second or
5  successive petition which this court lacks authorization to consider. Accordingly, this court lacks
6  jurisdiction over the matter.

7  **IT IS THEREFORE ORDERED** that respondents' motion to dismiss is
8  **GRANTED.** (Docket #17.) This petition for writ of habeas corpus is dismissed for lack of
9  jurisdiction. The Clerk of the Court is directed to enter judgment for respondents and to close this
10  case. Any outstanding motions are denied as moot.
11  DATED: October 28, 2010

_____
UNITED STATES DISTRICT JUDGE